*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* KAISER, Minors.

UNPUBLISHED
September 19, 2024

No. 369384
Genesee Circuit Court
Family Division
LC No. 21-137478-NA

Before: PATEL, P.J., and YATES and SHAPIRO,* JJ.

PER CURIAM.

Respondent appeals as of right the order terminating her parental rights to her minor children under MCL 712A.19b(3)(a)(*ii*) (desertion of a child for 91 or more days without seeking custody), (c)(*i*) (conditions that led to adjudication continue to exist), (g) (failure to provide proper care and custody), and (j) (reasonable likelihood of harm if returned to parent).[1]  We affirm.

## I.  BACKGROUND

In June 2021, the Department of Health and Human Services (DHHS) filed a petition requesting that the trial court take jurisdiction over the children under MCL 712A.2(b)(1) (failure to provide proper care and custody due to neglect or abandonment) and (2) (unfit home environment due to neglect), and remove the children from respondent's care.  DHHS alleged that respondent had a significant substance abuse problem that affected her ability to properly care for and supervise the children.  The trial court authorized the petition, and the children were removed from respondent's care in June 2021.  The children were ultimately placed with a relative in April 2022.  In May 2022, respondent pleaded no contest to the allegation that she "got drunk and fell asleep while the children were present."  Based on respondent's plea, the trial found that it had

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

[1] The trial court also terminated the parental rights of the children's father during these proceedings.  The father is not a party to this appeal.

jurisdiction over the children and entered an order of disposition with a goal of reunification. Respondent was ordered to comply with and benefit from the service plan, including: obtaining and maintaining appropriate housing and a legal source of income; completing a psychological evaluation and following the recommendations; completing a substance abuse assessment and following the recommendations; submitting to random drug screens; completing parenting education classes; maintaining contact with DHHS and Ennis Center for Children; completing mental-health services and following the recommendations; and signing all necessary releases.

DHHS offered services to respondent, but respondent refused to participate and continued to engage in behaviors that brought the children into the court's jurisdiction. In August 2023, DHHS filed a permanent custody supplemental petition, requesting that the trial court terminate respondent's parental rights under MCL 712A.19b(3)(c)(i), (g), and (j). DHHS alleged respondent failed to maintain contact with DHHS or comply with her case service plan. DHHS lost contact with respondent, sometimes for long periods of time.[2] Her last contact with the agency was in March 2023. Respondent failed to verify she had stable housing, verify employment, sign all necessary releases, complete mental-health services, attend parenting classes, or provide documentation that she completed a substance abuse assessment. Although respondent completed the mandatory psychological evaluation, she failed to follow through with any of the resulting recommendations. Respondent missed 160 of the 167 offered drug screens. For the seven drug screens respondent took, DHHS alleged respondent tested positive for methamphetamine on four occasions, cocaine once, and benzodiazepines once. Respondent missed 63 of the 85 offered parenting-time visits, with the last one occurring in February 2023.[3] And because respondent failed to attend two consecutive scheduled parenting-time sessions in a row, her referral for supportive visitation could not be activated.

Respondent did not appear at the December 2023 termination hearing. The caseworker provided testimony regarding respondent's lack of progress and explained that the barriers to reunification that existed at adjudication still existed at the time of the termination hearing. The trial court found that DHHS had established by clear and convincing evidence that termination of respondent's parental rights was appropriate under MCL 712A.19b(3)(a)(ii),[4] (c)(i), (g), and (j) and that termination of respondent's parental rights was in the children's best interests. This appeal followed.

---

[2] Respondent did not contact DHHS from July 8, 2022 to December 28, 2022.

[3] Respondent's visitation was suspended in May 2023 as a result of her failure to appear for scheduled parenting-time visits.

[4] The trial court inquired at the termination hearing whether petitioner was seeking termination under MCL 712A.19b(3)(a)(ii). In response, petitioner made an oral motion to amend the supplemental petition's statutory grounds to conform to the proofs, which was granted. Respondent did not challenge the amendment at the termination hearing.

## II. STATUTORY GROUNDS

Respondent contends that the trial court clearly erred by finding that DHHS had established statutory grounds for termination of her parental rights. We disagree.

We review a trial court's factual findings regarding statutory grounds for termination of parental rights and the decision to terminate parental rights for clear error. MCR 3.977(K); *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021) (cleaned up). "To be clearly erroneous, a decision must be more than maybe or probably wrong." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

"To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been proved by clear and convincing evidence." *In re Pederson*, 331 Mich App 445, 472; 951 NW2d 704 (2020) (cleaned up). If at least one statutory ground for termination is established, "we need not consider whether the other grounds cited by the trial court also supported the termination decision." *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009).

The trial court terminated respondent's parental rights under MCL 712A.19b(3)(a)(*ii*), (c)(*i*), (g), and (j).[5] Parental rights may be terminated under MCL 712A.19b(3)(c)(*i*) if "182 or more days have elapsed since the issuance of an initial dispositional order" and "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." Termination of parental rights is proper under MCL 712A.19b(3)(c)(*i*) when "the totality of the evidence amply supports that [the respondent] ha[s] not accomplished any meaningful change in the conditions" that led to the adjudication, *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009), "despite time to make changes and the opportunity to take advantage of a variety of services[,]" *White*, 303 Mich App at 710 (cleaned up). Determining whether a respondent is likely to rectify the conditions leading to adjudication within a reasonable time requires consideration of both how long the parent will take to improve the conditions and how long the children can wait for the improvements. *In re Dahms*, 187 Mich App 644, 648; 468 NW2d 315 (1991).

It is undisputed that, at the time of termination, more than 182 days had elapsed since the initial disposition order was entered. As the trial court recognized, respondent did not effectively address her substance abuse issues. Respondent missed 160 of her 167 drug screens, and tested positive when she did submit to testing. Respondent's substance abuse impacted her ability to maintain employment, stable housing, and a consistent parental relationship with the children. Because respondent abandoned contact with the caseworker, she did not participate in services that

---

[5] Respondent appears to challenge only the trial court's findings under MCL 712A.19b(3)(c)(*i*), (g), and (j). Nevertheless, only one statutory ground must be established to terminate parental rights.

were available to rectify the issues that led to the court's jurisdiction. Respondent's failure to appear at the termination hearing also indicated her lack of progress.

Respondent contends that the conditions did not continue to exist because she completed parenting classes and maintained employment. She further alleges that DHHS failed to make reasonable efforts to reunify the family by failing to make a referral for a neurological examination as recommended by a psychological evaluation report.[6] "While the petitioner has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered. This means a respondent-parent must both participate in services and demonstrate that they sufficiently benefited from the services provided." *In re Atchley*, 341 Mich App at 339 (cleaned up). Respondent's substance abuse was the primary barrier to reunification. Respondent maintains that she could remain sober and effectively parent if she was given more time to benefit from the services offered to her. Respondent had ample time to make changes and take advantage of a variety of services that were available, but failed to do so. Throughout the proceedings, DHHS made referrals for psychological evaluations, substance abuse assessments, and therapeutic services, but respondent failed to adequately engage with the ordered services or make any progress. Respondent's last contact with DHHS was in March 2023, and her last participation in mental-health services was in January 2023. The caseworker testified that she was unable to provide respondent with a referral for the neurological examination because respondent did not contact the agency after the psychological exam and contact with respondent was necessary to make a referral. Respondent has not demonstrated that DHHS did not make reasonable efforts to reunify the family and thus she has not established plain error.

The totality of the evidence amply supports that respondent did not accomplish any meaningful change in the conditions that existed at the time of the adjudication, and there is no reasonable likelihood that the conditions would be rectified within a reasonable time considering the children's ages. Accordingly, we are not left with a definite and firm conviction that the trial court clearly erred by terminating respondent's parental rights under MCL 712A.19b(3)(c)(*i*).

---

[6] We generally review a trial court's decision regarding reasonable reunification efforts for clear error. *In re Fried*, 266 Mich App 535, 542-543; 702 NW2d 192 (2005). But a respondent must object to the services at the time they are offered to preserve an argument about reasonable efforts for family reunification. *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569 (2012). Because respondent did not raise any issue concerning reasonable efforts until the termination hearing, this unpreserved issue is reviewed for plain error affecting substantial rights. *In re Sanborn*, 337 Mich App at 258; see *In re Atchley*, 341 Mich App 332, 336-337; 990 NW2d 685 (2022). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *In re Sanborn*, 337 Mich App at 258 (cleaned up). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Id*. (cleaned up).

Because clear and convincing evidence supported termination under MCL 712A.19b(c)(*i*), we need not address whether the trial court properly found statutory grounds for termination under MCL 712A.19b(3)(a)(*ii*), (g), and (j).  See *In re Foster*, 285 Mich App at 633.[7]

### III.  BEST INTERESTS

Respondent also contends that it was not in the best interests of the children to terminate her parental rights.  We disagree.

We review a trial court's decision that termination is in a child's best interests for clear error.  *In re Atchley*, 341 Mich App at 346.  "If a trial court finds that a statutory basis for terminating parental rights exists by clear and convincing evidence, it is required to terminate parental rights if it finds from a preponderance of evidence on the whole record that termination is in the children's best interests."  *In re Brown/Kindle/Muhammad Minors*, 305 Mich App 623, 637; 853 NW2d 459 (2014) (cleaned up); see also MCL 712A.19b(5).

The focus of the best-interest determination is on the child, not the parent.  *In re Schadler*, 315 Mich App 406, 411; 890 NW2d 676 (2016).  Factors to be considered for purposes of the best-interest analysis include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home."  *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012)  (cleaned up).  A court may also consider whether it is likely that a child could be returned to a parent's home "within the foreseeable future, if at all."  *In re Frey*, 297 Mich App 242, 249; 824 NW2d 569 (2012).  Other relevant factors include "a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption."  *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014).  The trial court may also consider a parent's substance abuse problems.  *In re AH*, 245 Mich App 77, 89; 627 NW2d 33 (2001).  Finally, because a child's placement with a relative militates against termination, see MCL 712A.19a(8)(a), "the fact that a child is living with relatives when the case proceeds to termination is a factor to be considered in determining whether termination is in the child's best interests."  *Olive/Metts*, 297 Mich App at 43.

Respondent argues that termination is not in the children's best interests because she has a bond with her children.  Although there was testimony at the May 2022 adjudication hearing that there was a bond between respondent and the children, the testimony at the December 2023 termination hearing reflected that the bond had diminished because respondent failed to maintain any meaningful contact with the children and had not seen them since February 2023.  The

---

[7] We note that this Court has held that "[a] parent's failure to participate in and benefit from a service plan is evidence that the parent will not be able to provide a child proper care and custody.  Similarly, a parent's failure to comply with the terms and conditions of his or her service plan is evidence that the child will be harmed if returned to the parent's home."  *In re Smith*, 324 Mich App 28, 49; 919 NW2d 427 (2018) (cleaned up).  Further, the evidence and testimony reflect that respondent's last parenting-time visit occurred in February 2023 and her last contact with the agency occurred in March 2023, which was more than 91 days before the termination hearing, and respondent did not seek care or custody of her children during that period.

caseworker further testified that the children referred to their placement relatives as "mom and dad," and that there was "[n]ot necessarily a bond between respondent-mother and the children," noting that respondent "tried to interact with the kids, but the kids didn't really interact with her," playing with toys or each other instead. The trial court noted that the children had been removed from respondent for more than two years and had been in a relative placement for about a year and a half of that time. The trial court found that the children had a good bond with the relatives, were thriving in their placement, and that they were in a stable, appropriate, and permanent environment. The children's need for permanence and stability outweighs any bond that may exist with respondent. The children cannot wait in limbo for positive changes to potentially manifest.

Respondent further contends that the trial court clearly erred when it determined that a guardianship would not be appropriate under the circumstances although the children lived with relatives. The appointment of a guardian is generally done in an effort to avoid termination of parental rights. *In re TK*, 306 Mich App 698, 705; 859 NW2d 208 (2014). However, as this court recognized in *In re* TK, a guardianship is not necessarily permanent:

> The court is required to review the guardianship annually and may conduct additional reviews, if necessary. MCL 712A.19a(11). Under MCL 712A.19a(13), the court may, on its own motion or upon petition from the Department of Human Services or the child's lawyer guardian ad litem, hold a hearing to determine whether a guardianship shall be revoked. Under MCL 712A.19a(14), a guardian may petition the court for permission to terminate the guardianship. Even the parent has the ability to seek termination of the guardianship. MCR 3.979(F)(1)(b) provides that "[a] juvenile guardian *or other interested person* may petition the court for permission to terminate the guardianship." (Emphasis added.) Further, while the guardian assumes the legal duties of a parent pursuant to MCL 712A.19a(8) and MCL 700.5215, the parent is still under many circumstances permitted to maintain a relationship with the child. [*Id.*]

"[T]he appointment of a guardian is only appropriate after the court has made a finding that the child cannot be safely returned to the home, yet initiating termination of parental rights is clearly not in the child's best interests." *Id*. at 707 (citation omitted). Nonetheless, a trial court may only appoint a guardian if "it is in the [children's] best interests to appoint a guardian." *Id*. (citations omitted). A guardianship may be appropriate when "an ongoing relationship with [the parent]—rather than termination—is in the children's best interests." *In re Mason*, 486 Mich 142, 169; 782 NW2d 747 (2010).

The trial court rejected the possibility of guardianship because it found more compelling the children's needs for stability, permanency, and finality. The trial court noted that the foster parents preferred the permanency of adoption over guardianship. The trial court concluded that guardianship would not be appropriate given the young age of the children, "particularly when the

parents have not engaged in any services whatsoever, and have completely fallen off the map." We conclude that the trial court did not clearly err by finding that termination of respondent's parental rights was in the best interests of the children.

Affirmed.

/s/ Sima G. Patel
/s/ Christopher P. Yates
/s/ Douglas B. Shapiro